IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RAYMOND D. BEY,

            Plaintiff,

    v.

DAVID BRUEY, Supervisor
MARCY BARRATT, Supervisor
WILLIAM T. WALSH, Clerk of Court,

           Defendant.

Civil No. 09-1092 (JBS)

**OPINION**

APPEARANCE:

Mr. Raymond D. Bey
2707 Winslow Road
Williamstown, NJ  08094
    Plaintiff Pro Se

**SIMANDLE**, District Judge:

    Plaintiff Raymond D. Bey, representing himself, submitted a Complaint which he seeks to file in forma pauperis pursuant to 28 U.S.C. § 1915(a) without prepayment of fees.

    The Court has reviewed Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Docket Item 1-1), which was received on March 13, 2009.  Because the Affidavit discloses that Plaintiff is indigent, the Court will permit the Complaint to be filed without prepayment of fees.

    The Court is also required by Section 1915 to preliminarily review each Complaint filed in forma pauperis and to "dismiss the case at any time if the court determines that...the action... (i)

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915 (e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ....

2

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)
(citations omitted).  See also Morse v. Lower Merion School
Dist., 132 F.3d at 906 (a court need not credit a pro se
plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)).  The standard for evaluating whether a
complaint is "frivolous" is an objective one.  Deutsch v. United
States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

With these principles in mind, the Court turns to its
analysis under 28 U.S.C. § 1915(e)(2), above.

## I.    FACTUAL AND LEGAL ALLEGATIONS

The Complaint names three persons in their official
capacities as employees of the Clerk's Office of the United
States District Court for the District of New Jersey, namely,
Deputy Clerks David Bruey and Marcy Barratt and the Clerk of
Court William T. Walsh.  Plaintiff's claims arise out of another
civil action filed in this Court, Bey v. Daimler Chrysler, Civil
Action No. 04-6186 (RBK).  Plaintiff named eleven defendants,
plus Jane and John Doe defendants, in connection with Plaintiff's
purchase of a $51,000 Mercedes Benz automobile, which was
apparently later repossessed; Plaintiff made various statutory

3

and common law claims related to those defendants.  (See Complaint, Civil NO. 04-6186 (RBK)).  Plaintiff alleges that he filed a request for entry of default with respect to one of the defendants named in that action, a defendant tow-truck driver named "Ray," on September 7, 2005.  He alleges that the Clerk's Office did not enter default as requested and that he inquired of David Bruey and Marcy Barratt on September 29, 2005, who both told him that the default had not been entered because the defendant was not personally served.  [See Complaint herein, General Factual Allegations].  Plaintiff alleges he wrote to William T. Walsh, Clerk of the Court, on November 29, 2005, citing the refusal of the Clerk's Office to file the default, and he received no response.  [Id.]  He alleges he thereafter continued to litigate that case.  [Id.]

The Complaint contains four counts.  Count 1 alleges violation of 42 U.S.C. § 1983 for deprivation of his right to entry of default contrary to the Federal Rules of Civil Procedure.  Count 2 alleges conspiracy violation of 42 U.S.C. § 1985, alleging that all defendants conspired to deprive him of the default.  Count 3 alleges that the defendants violated the New Jersey Consumer Fraud Act by defrauding him of the default.  Count 4 alleges that defendants were negligent because they failed to adhere to the Federal Rules of Civil Procedure in

denying his request for default.  Plaintiff seeks compensatory
and punitive damages.

In the underlying case of <u>Bey v. Daimler Chrysler</u>, Civil
Action No. 04-6186 (RBK), the docket reflects that Judge Kugler
entered an Opinion and Order [Docket Items 49, 50] dismissing the
claims against defendant "Ray" under Rule 4(m), Fed. R. Civ. P.,
for failure to serve process upon Ray.[1]  The dismissal order was
entered on May 16, 2006, [Docket Item 50].  Plaintiff did not
appeal, and Judge Kugler's determinations that defendant Ray was
not properly personally served with process as required by Rule
4(e), Fed. R. Civ. P., and that plaintiff failed to comply with
Rule 4(m), Fed. R. Civ. P., remains the final decision.  In other
words, Judge Kugler found that defendant "Ray" had not been
properly or timely served with process.  Thus, indirectly, Judge
Kugler also determined that it would have been improper to grant
Plaintiff's request for default against "Ray."

---

[1] Specifically, in the Opinion filed May 15, 2006, at pp.
20-23, Judge Kugler gave thorough consideration to Plaintiff's
argument that service upon Defendant "Ray" was sufficient when
made by mail.  Judge Kugler found that service by mail, to the
office of another defendant, is insufficient because personal
service upon "Ray" was required under Rule 4(e), Fed. R. Civ. P.
Judge Kugler found that the 120-day period for service of process
expired long before, and that good cause to enlarge the Rule 4(m)
period was absent.  <u>Id.</u>

## II. <u>QUASI-JUDICIAL IMMUNITY REQUIRES DISMISSAL</u>

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity.  <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 9 (1991).  Judicial immunity can be overcome only for actions not taken in a judicial capacity, <u>id</u>., or for actions taken in a complete absence of all jurisdiction, <u>id</u>. at 11-12.  Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity.  <u>See</u> <u>Forrester v. White</u>, 484 U.S. 219, 227 (1988).

Judicial immunity may extend to professionals who assist courts in their judicial function.  <u>See</u> <u>Hughes v. Long</u>, 242 F.3d 121 (3d Cir. 2001).  It long has been the rule that "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."  <u>Mullis v. United States Bankruptcy Court</u>, 828 F.2d at 1390, <u>cited with approval in</u> <u>Akins v. Deptford Twp</u>, 813 F.Supp. 1098, 1102-03 (D.N.J.), <u>aff'd</u>, 995 F.2d 215 (3d Cir.), <u>cert. denied</u>, 510 U.S. 981 (1993).  <u>See also</u> <u>Sindram v. Suda</u>, 986 F.2d 1459 (D.C. Cir. 1993).

In <u>Antoine v. Byers & Anderson, Inc.</u>, 508 U.S. 429 (1993), in which a court reporter sought to assert a claim of absolute judicial immunity, the Supreme Court revisited the question of

6

when judicial or quasi-judicial immunity should be extended to
persons who participate in the judicial function.  Faced with a
claim of quasi-judicial immunity, a court first must undertake
"'a considered inquiry into the immunity historically accorded
the relevant official at common law and the interests behind
it.'"  508 U.S. at 432-33 (citations omitted).  In the absence of
a common-law tradition involving the relevant official, judicial
immunity is extended to officials other than judges "because
their judgments are 'functional[ly] comparab[le]' to those of
judges--that is, because they, too, 'exercise a discretionary
judgment' as a part of their function."  508 U.S. at 436
(citations omitted).  Under this "functional" approach, courts
must look to the nature of the function performed and not to the
identity of the actor performing it.  See Buckley v. Fitzsimmons,
509 U.S. 259, 269 (1993).  The Court of Appeals for the Third
Circuit has applied this analysis to hold that court-appointed
custody evaluators enjoyed absolute judicial immunity from civil
rights liability because they acted as "arms of the court," a
non-judicial person who fulfills a quasi-judicial role at the
court's request.  See Hughes v. Long, 242 F.3d 121 (3d Cir.
2001).

        The question remains whether court clerks are entitled to
absolute immunity for conduct such as that charged here, failure

to enter a default upon a plaintiff's request.[2]  As several courts have noted in the post-<u>Antoine</u> era, "[a] court's inherent power to control its docket is part of its function of resolving disputes between parties.  This is a function for which judges and their supporting staff are afforded absolute immunity." <u>Rodriguez v. Weprin</u>, 116 F.3d 62, 66 (2d Cir. 1997), <u>cited with approval in</u> <u>Doyle v. Camelot Care Centers, Inc.</u>, 305 F.3d 603, 622-23 (7th Cir. 2002) and <u>In re Castillo</u>, 297 F.3d 940, 951 (9th Cir. 2002).

In addition, courts in this Circuit and others continue to extend quasi-judicial immunity to court clerks who are alleged to have acted incorrectly or improperly in the management of a court's docket.  <u>See</u>, <u>e.g.</u>, <u>Fischer v. United States</u>, 2003 WL 21262103, *4-*5 (C.D. Cal. 2003) (unpublished) (finding that court clerks were immune from claims that they had obstructed justice and encouraged organized crime by not entering defaults, by entering motions to dismiss as answers, by entering prohibited pre-trial motions, or by altering the sequence of events (numbers and entry dates) while supposedly "'correctly docketing a case'"); <u>Davis v. Philadelphia County</u>, 195 F.Supp.2d 686, 688

---

[2] Immunity analysis is the same whether the suit is brought against state actors pursuant to 42 U.S.C. § 1983 or against federal actors in a <u>Bivens</u>-type action.  <u>Antoine v. Byers & Anderson, Inc.</u>, 508 U.S. 429, 433 n.5 (1993).

(E.D. Pa. 2002); Harris v. Suter, 3 Fed.Appx. 365 (6th Cir. 2001)
(unpublished); McGann v. Lange, 1996 WL 586798 (E.D.N.Y. 1996)
(unpublished).

In the present case, the Federal Rules of Civil Procedure
entrust to the Clerk of Court and his deputies the function of
determining whether default should be entered.  Rule 55(a), Fed.
R. Civ. P., provides:

> Entering a Default.  When a party against whom a
> judgment for affirmative relief is sought has failed to
> plead or otherwise defend, and that failure is shown by
> affidavit or otherwise, the clerk must enter default.

Fed. R. Civ. P. 55(a).[3]  Under Rule 55(a), the Clerk is called
upon to ascertain, from the proofs submitted, whether the
defendant has been served with the summons and complaint in
accordance with the rules governing such service, when the
service occurred, when the time to answer or otherwise plead has
expired, whether the time to answer has been enlarged, and
ultimately whether the defendant has failed to plead or otherwise

---

[3] Prior to its amendment in 2007, Rule 55(a) read as
follows:

> Entry.  When a party against whom a judgment
> for affirmative relief is sought has failed
> to plead or otherwise defend as provided by
> these rules and that fact is made to appear
> by affidavit or otherwise, the clerk shall
> enter the party's default.

Rule 55(a), Fed. R. Civ. P., as quoted in 10A Wright, Miller &
Kane, Federal Practice and Procedure § 2681 at p. 4 (1998).  This
is the version in effect in 2005 when plaintiff sought entry of
default.  The changes in wording in the 2007 amendment are not
material to this case.

defend.  These are highly fact-sensitive determinations of a judicial nature, entrusted to the clerk and deputy clerks.  Thus, as stated by a leading commentator, "The clerk's function [in deciding whether to enter default] is not perfunctory.  Before entering a default, the clerk must examine the affidavits filed and find that they meet the requirements of Rule 55(a)."  10A Wright, Miller & Kane, Federal Practice and Procedure § 2682 at p. 19 (citations omitted).

Moreover, the entry of default has historically been a judicial function, as Rule 55(a), when first promulgated in 1937, adopted the substance of former Equity Rule 16, see Notes of the Advisory Committee (1937) (pertaining to entry of decree pro confesso by the court).  Further, the fact that Rule 55(a) confers power upon the clerk to enter default is not a limitation upon the authority of a judge to do so, as this is a judicial function.  Wright, Miller & Kane, supra, § 2682 at p. 19 (case citations omitted).  Again, this further demonstrates that in entering, refusing to enter, or failing to enter default, the clerk and deputy clerks of court are performing a function at the core of adjudication.

This Court holds that each named defendant, being a clerk of court or deputy clerk sued for money damages arising from the performance of duties involving plaintiff's request to enter default, is immune from liability due to quasi-judicial immunity.

All of the claims of plaintiff Raymond Bey, in each of the four counts of his Complaint, arise from his allegation that these defendants failed or refused, whether negligently or intentionally, to correctly process his request for entry of default against defendant "Ray" in 2005.  As to each claim, defendants Bruey, Barratt, and Walsh are immune.

Accordingly, the Complaint will be dismissed because Plaintiff seeks monetary relief against Defendants who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### III.  ALTERNATIVELY, EACH COUNT FAILS TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

#### A.   42 U.S.C. § 1983/*Bivens*

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

11

under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Of course, in the present case Plaintiff has named no state employees.  He has named only federal officers or employees, so his Section 1983 claim lacks merit and must be dismissed.

Since Plaintiff proceeds pro se, the Court will consider whether the Complaint would state a claim under the Section 1983 analog for federal officers or employees.

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988).

12

Relying upon Bivens, several lower federal courts have implied a damages cause of action against federal officers, under the Due Process Clause of the Fifth Amendment, for claims by federal pre-trial detainees alleging inadequate medical care or unconstitutional conditions of confinement.  See, e.g., Lyons v. U.S. Marshals, 840 F.2d 202 (3d Cir. 1988); Iqbal v. Hasty, 490 F.2d 143 (2d Cir. 2007), petition for cert. filed, 76 U.S.L.W. 3349 (Dec. 17, 2007) (No. 07-0827); Magluta v. Samples, 375 F.3d 1269 (11th Cir. 2004); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), cert. denied, 446 U.S. 928 (1980).

     The Supreme Court has not addressed whether supervisors in Bivens actions may be held liable on a theory of respondeat superior.  Most courts to address the issue, however, have held that liability may not be based on respondeat superior.  See, e.g., Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)(collecting cases); Laswell v. Brown, 683 F.2d 261, 268 & n.11 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983) (basing its conclusion on the fact that the Supreme Court has looked to § 1983 cases in evaluating the nature of defendant officials' qualified immunity); Kite v. Kelly, 546 F.2d 334, 337-38 (10th Cir. 1976).  See also Parker v. U.S., 197 Fed.Appx. 171, 173 n.1 (3d Cir. 2006) (not precedential); Balter v. U.S., 172 Fed.Appx. 401, 403 (3d Cir. 2006) (not precedential).  This Court finds

13

persuasive the reasoning of those courts that have declined to impose respondeat superior liability in Bivens actions.

In the present case, Plaintiff claims he has been deprived of due process because he was entitled to entry of default. Even if one assumes that the facts of his Complaint are true, the failure or refusal of the clerk's office personnel to enter default under the Federal Rules of Civil Procedure does not give rise to a violation of due process redressable under Bivens. That a violation of the rules does not trigger a due process violation is plain: The process which was due -- namely, the right to appeal from the clerk's determination that Defendant "Ray" had not been personally served -- remained available to Mr. Bey. Nothing deprived Mr. Bey of that process. Mr. Bey had the right to a judicial determination of whether Defendant "Ray" had been served with process, and indeed Judge Kugler made that determination that no proper service had been made, when Judge Kugler dismissed the complaint against "Ray" for failure to serve process under Rule 4(m), Fed. R. Civ. P.[4] Likewise, Plaintiff filed no appeal from the dismissal of Defendant "Ray," which was also his right if he sought redress. He cannot use this action as a surrogate for appeal. Accordingly, whether under Section

---

[4] The Court takes judicial notice of judgments upon its own docket under Fed. R. Ev. 201, as it is undisputable that Judge Kugler entered such an opinion and dismissal order, see Bey v. Daimler Chrysler, Civil Action No. 04-6168 (RBK) [Docket Items 49, 50].

1983 or under the analogous <u>Bivens</u> doctrine, the complaint fails to state a claim for denial of due process.[5]

### B.   42 U.S.C. § 1985

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1985.  The only provision of Section 1985 which could conceivably apply is Section 1985(3).  Again, Section 1985(3) applies to state action, while here no state actor is named.

To state a claim under § 1985(3), one must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a

---

[5] Moreover, it is also clear from the face of the Complaint that Plaintiff's claim under Section 1983 or <u>Bivens</u> is time-barred.  It is appropriate to dismiss <u>sua</u> <u>sponte</u> under 28 U.S.C. § 1915(e)(2) a pro se claim whose untimeliness is apparent from the face of the complaint.  <u>See</u>, <u>e.g.</u>, <u>Jones v. Bock</u>, 127 S. Ct. 910, 920-21 (2007).  In this District, the statute of limitations under Section 1983, determined from analogous state law under <u>Wilson v. Garcia</u>, 471 U.S. 261, 280 (1983), is two years, as provided in N.J.S.A. 2A:14-2 (two-year limitation upon personal injury actions).  The accrual date is determined by federal law, <u>Wallace v. Kato</u>, 127 S. Ct. 1091, 1095 (2007), and in this case, the accrual occurred when the plaintiff "knew or had reason to know of the injury that constitutes the basis of his action." <u>Sandutch v. Muroski</u>, 684 F.2d 252, 254 (3d Cir. 1982); <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1385 (3d Cir. 1994).  Here, these causes of action accrued, at the latest, when Plaintiff was informed, with finality, that he had not placed "Ray" into default through the necessary personal service, that is, on May 16, 2006 when the final Opinion and Order for dismissal were entered.  The two-year statute thus expired on May 16, 2008, long before Plaintiff submitted this Complaint.

> person is either injured in his person or property or
> deprived of any right or privilege of a citizen of the
> United States.

United Broth. of Carpenters and Joiners of America, Local 610,

AFL-CIO v. Scott, 463 U.S. 825, 829 (1983).  With respect to the

second element, the conspiracy must be motivated by "some racial,

or perhaps otherwise class-based, invidiously discriminatory

animus."  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Thus, in order to state a claim under this provision, there

must be factual allegations suggesting some racial or otherwise

invidiously discriminatory animus behind the alleged

conspirators' actions.  See Kush v. Rutledge, 460 U.S. 719, 724-

26 (1983).  No such allegations are set forth in the Complaint.

Moreover, the Complaint's conclusory allegations of "conspiracy"

also fail to meet even the minimal pleading standards necessary

to give fair notice to these defendants.  Erickson v. Pardus, 127

S. Ct. 2197 (2007).  Plaintiff's claim under 42 U.S.C. § 1985(3)

will be dismissed for all these additional reasons.

### C. **New Jersey Consumer Fraud Act**

The New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.,

does not apply to the courts of the United States and their

officers and employees furnishing judicial services.  The Act is

intended, as its text provides, to redress "any unconscionable

commercial practice, deception, fraud, false pretense, false

promise, misrepresentation, or the knowing concealment,

suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate...." N.J.S.A. 56:8-2. The purpose of the Act is to protect the consumer against imposition and loss as a result of fraud and fraudulent practices by persons engaged in the commercial sale of goods and services. Scibek v. Longette, 339 N. J. Super. 72 (App. Div. 2001). In short, the Act is aimed at promoting truth and fair dealing in the commercial market place. Id. The Consumer Fraud Act "is intended to encompass only consumer oriented commercial transactions involving the marketing and sale of merchandise or services." Del Tufo v. National Republican Senatorial Committee, 248 N.J. Super. 684, 688 (Ch. Div. 1991). Thus, the Act's application is to unconscionable practices in the commercial world "in connection with the sale or advertising of any merchandise or real estate...," as provided in N.J.S.A. § 56:8-2, quoted in Del Tufo, 248 N.J. Super. at 689 (holding that solicitation for political campaign contributions is not within commercial practice contemplated by the Act.)

The actions complained of herein were not commercial but judicial. No case has applied the Act to actions of a governmental defendant even at the state level, let alone to federal governmental action. The term "person" as defined in the Act at N.J.S.A. 56:8-1(d) cannot be stretched to include

17

governmental employees, nor can the definition of "merchandise" in § 56:8-1(c) embrace governmental services, since these services are not offered to the public for sale.  Plaintiff's allegations to the contrary are legally frivolous.

Accordingly, Plaintiff's Complaint fails to state a claim in Count 3 under the New Jersey Consumer Fraud Act, and Count 3 will be dismissed.

### D.   __Negligence__

Count 4 alleges that the defendants were negligent in failing to perform their jobs for the court.  A claim of negligence against a federal employee acting in the scope of federal employment is governed exclusively by the Federal Tort Claims Act (hereafter "FTCA"), 28 U.S.C. §§ 1346(b), 2671 et. seq.  A plaintiff cannot pursue such a claim against a federal officer or employee named as a defendant in his or her official capacity, Kentucky v. Graham, 473 U.S. 159, 166 (1985).  The provisions of the FTCA, in which the United States is the sole proper defendant for the negligence of its officers or employees acting in the scope of employment, are exclusive.  Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995).  Claims of negligence must therefore be dismissed, and such a claim could be pursued only against the United States.  Even assuming that an FTCA claim would otherwise be viable, a district court nevertheless lacks jurisdiction over an FTCA claim until the

claimant has exhausted administrative remedies.   See McNeil v.
United States, 508 U.S. 106 (1993); Deutsch, 67 F.3d at 1091.
There is no indication in the Complaint that Plaintiff has filed
an administrative tort claim, and, due to the two-year statute of
limitations in 28 U.S.C. § 2401(b), the time for doing so expired
two years after the tort claim accrued.   Plaintiff's tort claim,
if any, accrued, at the latest, when the final dismissal order
was entered in Bey v. Daimler Chrysler, Civil Action 04-6186
(RBK) on May 16, 2006.   The FTCA statute of limitations thus
expired on May 16, 2008.   The present Complaint, received by the
Clerk's Office on March 11, 2009, was more than nine (9) months
out-of-time, even if it had plead a Federal Tort Claims Act cause
of action, which it does not.

Accordingly, Plaintiff's claim of negligence in Count 4,
even if not already barred on grounds of immunity, will be
dismissed for failure to state a claim under the exclusive
governing law, the Federal Tort Claims Act.[6]

---

[6] The Complaint, on its face, is untimely as a matter of
law.  It would serve no purpose to suggest that an amendment
might cure this defect, even given the liberality of construing
pro se pleadings, see, e.g., Denton v. Hernandez, 504 U.S. 25, 34
(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d
Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

IV.  **CONCLUSION**

For the reasons stated above, Plaintiff's Complaint may be filed in forma pauperis pursuant to 28 U.S.C. § 1915, and it will be dismissed upon initial review pursuant to 28 U.S.C. § 1915(e)(2), because all Defendants are immune from suit due to quasi-judicial immunity and, alternatively, because each Count of the Complaint fails to state a claim upon which relief may be granted.

The dismissal is with prejudice because it is apparent that any attempt to amend to cure these deficiencies would be futile and because these claims were also time-barred long before the Complaint was received.

The accompanying Order for Dismissal is entered.


**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge


Dated:    **April 8, 2009**

20