IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND D. BEY, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-1092 (JBS/AMD) |
| v. | |
| DAVID BRUEY, Supervisor<br>MARCY BARRATT, Supervisor<br>WILLIAM T. WALSH, Clerk of Court, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Plaintiff's motion for recusal of the undersigned, to vacate the order dismissing the complaint and reopen the case, and to enter default judgment [Docket Item 5]. THE COURT FINDS AS FOLLOWS:

1. The Court dismissed the underlying complaint in this action, involving the conduct of three court employees with regard to another of Plaintiff's cases, in an order of April 8, 2009. [Docket Item 3.] On June 23, 2009, Plaintiff filed the present motion seeking recusal and reopening of the case along with default judgment.

2. The Court must first address Plaintiff's motion to have the undersigned recused pursuant to 28 U.S.C. § 144 and § 455. Under 28 U.S.C. § 455(a), "a judge should recuse himself where a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Blanche Road Corp. v.

Bensalem Tp., 57 F.3d 253, 266 (3d Cir. 1995). Section 455(b) requires recusal "where he has a personal bias or prejudice concerning a party." §455(b)(1).

3. Plaintiff's allegations are insufficient to warrant recusal. To support his motion, Plaintiff points to this Court's remand of one of Plaintiff's cases in 2005, an outcome with which Plaintiff disagreed. Plaintiff also disagrees with the legal conclusions reached in the Court's earlier order dismissing this matter. Absent some indication that these rulings were a result of improper influences, the mere fact that a judge ruled adversely, or even incorrectly, is not sufficient to require recusal in later matters or to demonstrate impartiality. Id.; Francis v. Joint Force Headquarters Nat. Guard, Nos. 09-2903, 08-4791, 2009 WL 3022903, at *2 (3d Cir. September 23, 2009) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)). Conclusory allegations of bias are insufficient to warrant recusal. Hill v. Carpenter, 323 Fed. App'x 167, 170 (3d Cir. 2009).

4. Plaintiff does not argue that the undersigned should be recused because some of the Defendants in this case are employees of the courthouse in which the undersigned sits. Nevertheless, the Court will address this possible, unasserted basis for recusal. No statute or case precedent mandates automatic recusal when a civil action involves the performance of a court employee;

each case must be scrutinized on its own terms to determine whether recusal is appropriate.  The mere existence of some degree of relationship with an involved party is an insufficient basis for recusal.  See U.S. v. Faul, 748 F.2d 1204, 1211 (8th Cir. 1984) (holding that case involving murder of two United States marshals did not require recusal of district court judge who worked with marshals in the absence of evidence other than conclusory allegations of bias or prejudice).  Instead, recusal is appropriate where the relationship is "sufficient to demonstrate personal prejudice bias, or an inability to be impartial."  Id.  The nature of the job of a district judge requires contact with a wide range of people who may eventually appear as parties or counsel for parties in front of the Court.  Although the undersigned works in the same building as two of the Defendants, none of the Defendants was hired or is supervised by the undersigned, and the undersigned does not have regular contact with any of them.  The undersigned has no personal knowledge of the facts of the case and is unaware, other than through the allegations of Plaintiff's own complaint, of any of the alleged acts or omissions by these Defendants.  Moreover, these Defendants were sued in their official capacities, challenging their application of court procedures, so they would not be individually liable for any judgment.  This situation fits none of the categories for mandatory recusal under 28 U.S.C. §

455(b) and there is nothing to suggest that the undersigned would be biased in favor of the Defendants or otherwise incapable of impartiality in this matter.[1]  Finally, the undersigned harbors no bias toward Plaintiff and does not recall ever meeting him or even hearing of him, and was unaware when this case was dismissed in April, 2009, that Plaintiff had any personal criticism toward the undersigned.

    5.   Having determined that Plaintiff's motion for recusal will be denied, the Court next turns to the determination of Plaintiff's motion pursuant to Rule 60(b)(4) and (5) to vacate the Court's order dismissing the case and to reopen it.  Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six specified reasons, including the fact that "the judgment is void," Fed. R. Civ. P. 60(b)(4), "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable", Rule 60(b)(5), and for "any other reason that justifies relief." Rule 60(b)(6).

    6.   Plaintiff offers no reason for why this Court's opinion would be void.  Plaintiff's citation of Rule 60(b)(5) appears to

---

[1] It is also worth noting that the matter from which the undersigned is being asked to recuse himself is a single motion not requiring the determination of any facts or the exercise of any significant degree of discretion.

4

have been in error, as its application here would not appear to be logically possible, much less merited.  Plaintiff also articulates no "reason that justifies relief" under Rule 60(b)(6)'s catchall provision.  This rule provides for "extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  <u>Coltec Industries, Inc. v. Hobgood</u>, 280 F.3d 262, 273 (3d Cir. 2002) (citation omitted).

    7.  Instead, Plaintiff asserts the Court made various legal and factual errors in dismissing the case.  As a matter of law, these arguments about the merits of the Court's decision do not justify relief under Rule 60(b).  <u>See</u> <u>Smith v. Evans</u>, 853 F.2d 155, 158 (3d Cir. 1988).  Instead, they are arguments that could have been made in a motion for reconsideration or on appeal of this Court's Order.  However, neither a motion for reconsideration nor an appeal was filed.

    8.  Finally, Plaintiff moves for the entry of default.  Because the Court has determined that the case will not be reopened, the motion for entry of default will also be denied.

    9.  The accompanying Order shall be entered.


**January 19, 2010**                      **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        United States District Judge